IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRANDY FAGER,

        Plaintiff,

    v.

COUNTY OF JACKSON, by and through
the Jackson County Jail, a "public body;"
and CONMED, INC., a Maryland corporation;

        Defendant.

Case No. 1:13-cv-00037-CL

**ORDER**

CLARKE, Magistrate Judge

Plaintiff Brandy Fager brings this wrongful death claim on behalf of Benjamin Fager, who died while in custody of the Jackson County Jail, under 42 U.S.C. § 1983 and the Eighth Amendment of the U.S. Constitution.

During discovery, Defendant Jackson County moved to compel (#40) the Oregon Department of Human Services ("DHS") to produce any DHS files relating to (1) the sexual abuse allegation against Benjamin Fager that led to his November 29, 2010 arrest; (2) allegations against Benjamin Fager's brother, Abraham Fager, regarding the physical abuse of Brandy Fager and/or Benjamin Fager's children; and (3) any other allegations involving Benjamin Fager,

Page 1 – ORDER

Brandy Fager, and/or their children. This court granted Jackson County's motion (#44) on the condition that all requested documents be delivered directly to the court for *in camera* review. The court has completed its review. The court's rulings as to each request are discussed below.

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Fed. R. Evi. 401's two-part test, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and is "of consequence in determining the action." "Relevant information need not be admissible at trial" in order to justify discovery. Fed. R. Civ. P. 26(b)(1). Rather, it simply must appear reasonably calculated to lead to the discovery of admissible evidence." *Id.*

### I. File Regarding Sexual Abuse Allegations for Which Benjamin Fager was Arrested

The DHS file relating to the sexual abuse allegations against Benjamin Fager that led to his arrest appear reasonably calculated to lead to the discovery of admissible evidence related to Plaintiff's claim that his "spouse, children, stepchildren, and parents" have suffered "[t]he loss of his society, companionship and services." Am. Compl. ¶ 15(c). Accordingly, the file is generally discoverable. All undiscoverable portions of the file will be redacted, as discussed below, before production.

### II. All Other Requested Files

The court reviewed all other files submitted by DHS in satisfaction of Jackson County's request. None of the files contain information that appears reasonably calculated to lead to the discovery of evidence relevant to the action at hand. Fed. R. Civ. P. 26(b)(1). Accordingly, the files are not discoverable.

## ORDER

I.  Pursuant to a protective order, the terms and conditions of which the parties must agree upon, the court will provide to both parties a redacted copy of the DHS file relating to the sex abuse allegations against Benjamin Fager that led to his November 29, 2010 arrest. The produced copy shall not contain:

   a. Any information tending to identify informants;

   b. The personal information of any DHS employee or volunteer; or

   c. Any other content deemed by the court to be privileged and not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26.

II. The court will not produce any of the other files reviewed.

ORDERED and DATED this 23 day of June 2014.

MARK D. CLARKE
United States Magistrate Judge